United States District Court
Southern District of Texas
**ENTERED**
January 16, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **EDIEL BARRERA and REGINA ENTERPRISES, LLC,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:23-CV-00281 |
| **ROBERTO SALINAS III and LEIDY M. ALAFA,** | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

This is a breach-of-contract case. In February 2023, Defendants Roberto Salinas III and Leidy M. Alafa stopped making their monthly loan payments to Plaintiffs Ediel Barrera and Regina Enterprises, LLC ("Regina Enterprises"). Plaintiffs eventually filed suit on August 2, 2023, in the 229th Judicial District Court of Starr County, Texas, bringing a single breach of contract claim. (*See* Dkt. No. 1-2). A few weeks later, Defendants removed the case to this Court invoking federal question jurisdiction under 28 U.S.C. § 1331 for violations of the Truth in Lending Act ("TILA") and the Fair Debt Collections Practices Act ("FDCPA"). Pending before the Court is Plaintiff's Opposed Motion to Abstain and to Remand. (Dkt. No. 3). For the following reasons, the Court **GRANTS** the Motion and **REMANDS** the case. Also pending is a request for costs and attorney's fees in connection with the Motion. (Dkt. No. 3 at 6). That request is **DENIED**.

**I.    BACKGROUND**[1]

On May 18, 2018, Defendants contracted with Plaintiffs to build a custom house for $205,000.00. (Dkt. No. 3 at 2). Once construction was underway, Defendants requested changes to the original design which increased the contract price by more than $76,000.00. (*Id.*). Defendants, who took out a bank loan for the original contract amount, could not afford to pay for the increase without financial assistance. (*Id.*). Plaintiffs offered to loan them the money, and the Parties entered into an agreement with repayment terms of 9.5% annual interest to be paid over five years. (*Id.*). Plaintiffs completed and delivered the house on March 6, 2019, and Defendants began making payments in April 2019. (*Id.* at 2–3). Defendants made monthly payments thereafter until February 2023. (*Id.* at 3).

Defendants failed to make additional loan payments, and as a result, Plaintiffs sued them on August 2, 2023, for breach of contract. (*See* Dkt. No. 1-2). A few weeks later, Defendants removed the case to this Court based on federal question jurisdiction. (Dkt. No. 1 at 2).

**II.    LEGAL STANDARD**

A party may remove an action from state court to federal court if the federal court has subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A plaintiff's state court petition at the time of removal determines whether a federal court has jurisdiction. *Manguno*, 276 F.3d at 723.

---

[1] The Court makes the following factual findings for the sole purpose of this Memorandum Opinion and Order.

The removing party bears the burden of showing that subject-matter jurisdiction exists, and that removal was proper. *Id*. Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*; *see also Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

Federal courts have limited jurisdiction and may hear a case if it involves a question of federal law or where there is diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Defendants invoke the Court's federal question jurisdiction. (Dkt. No. 1 at 2–4). Specifically, Defendants allege violations of two federal acts—TILA, 15 U.S.C. §§ 1601–1667f, and FDCPA, 15 U.S.C. §§ 1692–1692p—which they assert as a defense and as counterclaims. (*Id.*).

### III.   DISCUSSION

In their Motion to Remand, Plaintiffs argue that the Court lacks subject matter jurisdiction because the federal claims on which Defendants rely are time-barred. (*See* Dkt. No. 3 at 3–6). Defendants respond that Plaintiffs misunderstand which statute of limitations periods apply and when they begin to run. (*See* Dkt. No. 5 at 3–7). Both Parties miss the mark.

Defendants rely on 28 U.S.C. § 1331, which gives federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." However, under the well-pleaded complaint rule, a suit "arises under [federal law] only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); *see also Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242

3

(5th Cir. 2022). "It is not enough that [a party] alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law]." *Mottley*, 211 U.S. at 152, 29 S.Ct. at 43. "Federal jurisdiction cannot be predicated on an actual or anticipated defense[.]" *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Id.* Simply put, "a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." *Id.*

Plaintiffs assert only a breach-of-contract claim in their complaint. (Dkt. No. 1-2 at 3). The complaint contains no reference to any federal question.[2] (*See id.*). Per the well-pleaded complaint rule, Defendants cannot invoke federal jurisdiction by asserting violations of federal law as defenses or counterclaims. Although the rule may be rigid, it is clear: the Court lacks jurisdiction to hear this case, and it must be remanded.

## IV.   CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** Plaintiff's Opposed Motion to Abstain and to Remand, (Dkt. No. 3), and **REMANDS** the case.

It is SO ORDERED.

---

[2] "Under the artful-pleading doctrine, a federal court may have federal-question jurisdiction over a state-law claim in only two circumstances: when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020). The Court finds that neither applies in this case. *See, e.g., Markey v. Aetna Health Inc.*, No. 5:11-CV-01075, 2012 WL 695662, at *3 (W.D. Tex. Feb. 29, 2012) ("Unlike ERISA, the TILA does not completely preempt state law."). In sum, "breach-of-contract claims have not been completely pre-empted by any federal law, nor does the resolution of these claims turn on the answer of an important federal question." *Mitchell,* 982 F.3d at 941.

Signed on January 13, 2024.

                                                                                                   **DREW B. TIPTON**
                                                                   **UNITED STATES DISTRICT JUDGE**